This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Tyonne Hosey, appellant, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On November 26, 2001, Mr. Hosey and another defendant were each indicted for one count of rape, in violation of R.C. 2907.02(A)(1)(b). The rape charges pertained to an incident involving a ten year old child. Thereafter, on July 24, 2002, Mr. Hosey pled guilty to the violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Mr. Hosey was sentenced on September 9, 2002 and this appeal followed.
 {¶ 3} Mr. Hosey raises one assignment of error:"THE TRIAL COURT'S SENTENCE OF FIVE YEARS UPON THE APPELLANT WAS CONTRARY TO THE LAW PER R.C. 2929.14(B) BECAUSE THE APPELLANT HAS NO PRIOR CRIMINAL RECORD AND NO PREVIOUS INCARCERATIONS."
 {¶ 4} In the first assignment of error, Mr. Hosey asserts that the trial court erred in imposing more than the minimum sentence with regard to the charge of rape. Specifically, Mr. Hosey cites to R.C. 2929.14(B) and asserts that the trial court failed to indicate that it engaged in the required analysis to support the imposed sentence. We disagree.
 {¶ 5} R.C. 2929.14(B) provides, in pertinent part, that:"[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:(1)The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.(2)The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 6} The Ohio Supreme Court has interpreted R.C. 2929.14(B) to mean that "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999),86 Ohio St.3d 324, 326.
 {¶ 7} However, the trial court is not required to give reasons for its findings. Id. Further, this Court has previously held that the findings need not be in the transcript of the sentencing hearing if they are in the journal entry. See State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846; see, also, State v. Lute (Nov. 22, 2000), 9th Dist. No. 99CA007431.
 {¶ 8} In the present case, the trial court noted that it had a "difficult time comprehending that a child who is 10 could be mistaken for [a] 14, 15 [year old]." Further, the court noted that it had "enormous difficulty with the age of this victim and with the fact that [the defendants did not have] the moral strength or courage to say [that they] shouldn't do this. [Specifically, they] shouldn't be engaging in this kind of conduct under these circumstances." The court addressed the first defendant and stated "I do not believe a minimum sentence is appropriate, based upon the age of the victim." The court thereafter addressed Mr. Hosey and stated "[b]oth defendants are equally culpable." In the journal entry, the court indicated that "[a] minimum sentence would demean the seriousness of the offense and would not adequately protect the public." Clearly, the trial court was referencing R.C.2929.14(B) and indicating that it had undertaken the analysis contained in the statutory section. Accordingly, this Court finds that the trial court complied with R.C. 2929.14(B) when it sentenced Mr. Hosey to more than the minimum sentence on the charge of rape. Mr. Hosey's assignment of error is not well taken.
 {¶ 9} Mr. Hosey's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J. and WHITMORE, J. CONCUR.